# Jackson E. Pugh, Plff. in Err., v. William A. Powell and Hannah, His Wife, in Right of the Wife.

Where money has been paid by a guardian to an uncle of the ward, with whom the ward was living while under age, assumpsit for money had and received will be in the name of the ward after she has attained her majority, against her uncle.

Where a right of action has accrued during the minority of the plaintiff and suit was brought within six years of her arrival at age, the statute of limitations is no bar.

(Argued October 24, 1887. Decided November 7, 1887.)

October Term, 1887, No. 7, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Error to the Common Pleas No. 1 of Allegheny County to review a judgment in favor of the plaintiffs in an action of assumpsit. Affirmed.

This action was brought to William A. Powell and Hannah J. Powell (formerly Hannah J. Davis) against Jackson E. Pugh to recover $650 which was alleged to have been improperly paid to the defendant by the guardian of Mrs. Powell.

In 1862 Hannah J. Davis, when two years old, was taken by Jackson E. Pugh into his house. Her father, who was the brother of Pugh's wife, was a soldier in the service of the United States and died in 1864. In 1871 James Simmers was appointed guardian of Hannah, by the orphans' court of Butler county, and received from the government $310 as pension money due to her as a soldier's orphan. She was also entitled to receive from the government $13 per quarter. All of this money Simmers paid to Pugh. Pugh gave to him receipts which recited that the money was received "in full for board, clothing, schooling, and maintenance."

NOTE.—The statute of limitations as to actions for personal injuries, act of April 26, 1855, applies to infants as well as to adults. Lanning v. Penn Electric Light Co. 31 W. N. C. 251. And this is true under the act of June 24, 1895, P. L. 236, there being no exception of infants from its operation. Peterson v. Delaware River Ferry Co. 190 Pa. 364, 42 Atl. 955.

The orphans' court of Butler county refused to allow the guardian credit for these payments. Simmers stated in his deposition read at the trial that he supposed "the money ought to go where the child goes, because I thought the government had appropriated the money for to be used for boarding, schooling, clothing," etc., and that he had paid the money to Pugh to be used for these purposes.

Simmers made his last payment to Pugh on March 4, 1876. Hannah attained her majority in 1881, and brought this action on December 30, 1885.

The defendant offered, *inter alia,* the following points:

6. There is no privity of contract between the parties to this suit.

*Ans.* Sufficiently answered in general charge. (First assignment of error.)

7. The claim of the plaintiff is barred by the statute of limitations.

*Ans.* Refused. (Second assignment of error.)

The court, COLLIER, J., charged, *inter alia,* as follows:

If you are satisfied that the money was paid without authority, without justification, that it was trust money, then your verdict should be for the plaintiffs, unless the defendant satisfies you that he has a reasonable defense in the one he sets up, and that is, that he has furnished to this child an amount of money expended in clothing and education and raising her, etc., that will equal or exceed the amount claimed by the plaintiffs.

If you are satisfied that he is entitled to any deduction for what he has done for the girl, whatever sum you find, that you can deduct; and if it should amount to the whole of the plaintiff's claim, you would allow him to have a verdict. The young lady, the plaintiff, before the law will allow her to recover money due her, must pay, if there is anything to be paid, for what was done for her. That is the main question. On the one hand the learned counsel contends that in raising this child the defendant expended enough money to cover the whole amount of the claim. On the other hand it is contended that there was nothing at all due; that when the money was first paid to the defendant, there was no contract, no expectation of getting any compensation for keeping the child; and that after

that the child was worth its own keep. You will have to determine between the parties. That comprehends the whole case in my view. It is a question of fact for you to determine. If you find that there is anything coming to Mr. Pugh, deduct it from the amount of the claim. If it be a sum equal to the whole amount claimed, you will allow him it and render a verdict for defendant. If you find there is nothing coming to him, you find for the plaintiffs for the amount claimed, with interest from date of the decree of the orphans' court of Butler county, the 27th of April, 1885."

Verdict and judgment were for the plaintiffs.

*W. S. Nesbit*, for plaintiff in error.—As between Pugh and Hannah J. Powell there is no contractual relation whatever, and therefore no privity; if this action could be maintained against Pugh at all, under the evidence given, it could be maintained by the guardian only, with whom the contract was made. The guardian is the officer or trustee appointed by law to manage the ward's estate, and as such, has power to contract; the ward has a full and complete remedy against him, but as against those with whom he contracts is a stranger. Finney v. Finney, 16 Pa. 380; Wells v. Stewart, 5 Binn. 325; Allen v. Irwin, 1 Serg. & R. 549.

The present action is barred by the statute of limitations. Wood, Limitation of Actions, 10.

Lewin, Tr. 719; Pentland v. Stokes, 2 Ball & B. 75; Perry, Tr. 858; Hill, Trustees, 504, 264, and notes, 266 and note 2, 267, and 268.

"A guardian may bring suit in behalf of his ward for the latter's equitable choses in action. Where, therefore, as to such choses, the guardian is barred by the statute of limitations, the infant, in the absence of collusion, is barred also, as against strangers, and his remedy is against the guardian." 3 Wait, Act. & Def. 561, 3; Miles v. Wheeler, 43 Ill. 123; Hayden v. Stone, 1 Duv. 396; McClane v. Shepherd, 21 N. J. Eq. 76.

In the present case Pugh was not a trustee by construction of law. He had entered into a contract with the guardian concerning a matter about which the guardian was legally capable of contracting; and the funds had been regularly paid over by the guardian and received by him in pursuance of their agreement.

The decree confirming the auditor's report, and surcharging the guardian the amounts paid to Pugh, has never been passed upon by the supreme court, and we venture would not have been made after publication of Brown's Appeal, 112 Pa. 18, 5 Atl. 13.

We would also suggest that both auditor and court overlooked Eyster's Appeal, 16 Pa. 372.

See also Piper v. Hoard, 65 How. Pr. 235; Bucklin v. Bucklin, 1 Keyes, 141; Kane v. Bloodgood, 7 Johns. Ch. 90, 11 Am. Dec. 417; Hall v. Bumstead, 20 Pick. 8; Crook v. Glenn, 30 Md. 55; Coleman v. Walker, 3 Met. (Ky.) 65, 77 Am. Dec. 163; Darnall v. Adams, 13 B. Mon. 273; Couch v. Couch, 9 B. Mon. 162; Williamson v. Williamson, 18 B. Mon. 329; Wilmerding v. Russ, 33 Conn. 67; Moore v. Wallis, 18 Ala. 458; Bacon v. Gray, 23 Miss. 140. In Sheppard v. Turpin, 3 Gratt. 373; Long v. Cason, 4 Rich. Eq. 60; Wingfield v. Virgin, 51 Ga. 139; Varner v. Gunn, 61 Ga. 54; Schnell v. Toomer, 56 Ga. 170; Brady v. Walters, 55 Ga. 25; Worthy v. Johnson, 10 Ga. 358, 54 Am. Dec. 393.

In Pennsylvania, we find the court in App v. Dreisbach, 2 Rawle, 302, 21 Am. Dec. 447, citing with approval Kane v. Bloodgood, and adopting its doctrines here.

That case is reaffirmed in York's Appeal, 110 Pa. 69, 1 Atl. 162, 2 Atl. 65, and its doctrines restated, *viz.,* those trusts to which the statute of limitations does not apply must be: (1) Direct and continuing; (2) exclusively cognizable in equity; and (3) arising between trustee and *cestui que trust.* Finney v. Cochran, 1 Watts & S. 112, 37 Am. Dec. 450; Lyon v. Marclay, 1 Watts, 275; Cooper v. Brockway, 8 Watts, 165; Meanor v. Hamilton, 27 Pa. 143.

We respectfully submit that this plaintiff in error does not stand in the relation of trustee towards the defendant in error. Simmers, the guardian, sustained that relation, and, we suppose, gave security for the performance of his trust. Whatever he did without an order of court was done at his own risk. *Re* Killion, 3 Brewst. (Pa.) 235.

*James Bredin* and *John M. Greer,* for defendant in error.— The jury have found that defendant Pugh has money belonging to plaintiff which in equity and good conscience he ought not to retain from her, and that settles the matter.

Plaintiff in error, however, says there is no privity between

him and Mrs. Powell, and that therefore the action of assumpsit cannot be maintained.

The action for money had and received is a substitute for a bill in equity, and lies wherever one has money of another in his hands which in equity and good conscience, he ought not to retain. There need be no other privity of contract between the parties to support the action. Mason v. Waite, 17 Mass. 563, and Hall v. Marston, 17 Mass. 579; Eagle Bank v. Smith, 5 Conn. 17, and 13 Am. Dec. 37; and other cases referred to in note Selwyn's *Nisi Prius,* p. 82; Rapalje v. Emory, 2 Dall. 54, 1 L. ed. 286.

Mrs. Powell's right to recover is not affected by the statute of limitations. Her right of action accrued in her minority, and her suit is brought within six years after her arrival at full age. There is no succession of disabilities in the case, and she is clearly within the proviso of the statute.

PER CURIAM:

The objection that there was no privity between the parties was not well taken. The money was paid to the defendant below for the use and benefit of the plaintiff Hannah J. Powell, *née* Davis. Under such circumstances it is well settled that assumpsit for money had and received will lie in the name of the person for whose benefit it was paid. It was money which the defendant in good conscience ought not to retain.

The statute of limitations was no bar. The right of action accrued during the minority of the plaintiff. This suit was brought within six years of her arrival at age.

Judgment affirmed.