J. SPENCER ET AL. v. B. JENNINGS ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS
NO. 2 OF ALLEGHENY COUNTY.

Argued November 3, 1890—Decided January 5, 1891.

Lands of a decedent were sold in 1867, under a mortgage executed by the decedent's administrator which was without authority and therefore void. The right of the heirs to recover the lands by ejectment brought in 1884, was unaffected by laches alleged, or by the fact that, while they were minors but without their knowledge, a portion of the proceeds of the mortgage sale were received by the administrator and invested in other lands, the title to which, on the death of the life-tenant in 1880, vested in fee in the plaintiffs.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, MCCOLLUM and MITCHELL, JJ.

No. 157 October Term 1890, Sup. Ct.; court below, No. 311 April Term 1884, C. P. No. 2.

To the first Monday of March, 1884, an action of ejectment was brought by John Spencer, and others, against Nicholas Freichtel, to recover a tract of 115 acres in Plum township. Subsequently, John F. Jennings was brought in as the real defendant, and owner of the land. Issue.

At the trial on April 9, 1886, there was a verdict for the defendants, upon which judgment was entered. On writ of error to No. 188 October Term 1886, the judgment was reversed with a venire de novo, opinion by Mr. Justice TRUNKEY: Spencer v. Jennings, 114 Pa. 618. A re-argument was ordered on motion of the defendants, and on January 7, 1889, a like judgment by the Supreme Court was entered, opinion by Mr. Justice CLARK: Spencer v. Jennings, 123 Pa. 184.

On April 27, 1889, John F. Jennings, one of the defendants on the record, having died, a rule was made absolute substituting Benjamin Jennings and others, his heirs at law, defendants in his stead.

At the second trial on January 8, 1890, the plaintiffs showed title to the land in dispute as the heirs at law of William A.

Schumacher, who died in 1858, residing in Butler county, but seised of the land in dispute in Allegheny county.

The defendants, as in the former trial, put in evidence.the record to No. 90 October Term 1860, Orphans' Court of Allegheny county, showing the petition of Julia C. Schumacher, administratrix of the estate of her husband William A. Schumacher, .deceased, for leave to mortgage the land in dispute for the payment of the debts of the decedent, and proceedings thereon; also, mortgage of Julia C. Schumacher, administratrix, to J. M. Sowers (or Powers), made in pursuance of said proceedings, dated December 17, 1860, for $700, payable in three years; proceedings for the sale of the mortgaged premises, on a judgment in scire facias on said mortgage, to Joseph Logan in 1867, and title thereafter vested in John F. Jennings, one of the original defendants. This evidence was followed, on the present trial, by the record of the distribution by an auditor, to levari facias No. 107 November Term 1866, of the proceeds of sale of the mortgaged premises, showing that in said distribution $2,775.12 of the proceeds had been awarded and paid to Mrs. Julia C. Jones, late Julia C. Schumacher, administratrix; followed by evidence tending to show that a portion of the sum so received, at least $950, was invested by her in real estate, the title to which, on her death in 1880, passed to the plaintiffs in this case in fee. It was made to appear, however, that at the time of the sheriff's sale on the mortgage before referred to, Mrs. Spencer, one of the plaintiffs herein, was but seventeen years of age, and that William Schumacher, the father of two of the plaintiffs, was but nineteen. Mrs. Spencer was married in 1869, when about nineteen, and had remained a feme-covert. The two children of William Schumacher were still minors.

At the close of the testimony, the defendants presented certain points for instruction, to the effect that if the jury found the facts alleged, as to the distribution and use of the proceeds of sale of the mortgaged premises for the benefit of the plaintiffs, the plaintiffs were estopped from claiming the land in dispute, by reason of their laches and by their receipt of a portion of the purchase money; that, at least, if the verdict should be for the plaintiffs, it should be conditioned upon re-payment to the defendants of the sum of $950, with interest from February, 1867.

. The court, WHITE, J., instructed the jury to find for the plaintiffs, answering the defendants' points as follows:

I regard this case as a very great hardship on the defendants. The Supreme Court has decided that the Orphans' Court of this county had no jurisdiction to order a mortgage on the premises, and that the mortgage and the subsequent sale upon it were nullities as to these plaintiffs. There seems to be an equity that they should not receive the benefits of the money raised on that mortgage and then recover the property. But they were minors at the time. There is not sufficient evidence to submit to the jury that the plaintiffs knowingly received any money or property, the proceeds of the mortgage, on the subsequent sale on it. The above points are refused and the jury are instructed to find for the plaintiffs; exception.

—The jury returned a verdict for the plaintiffs for the land in dispute. Judgment having been entered, the defendants took this appeal, assigning the instruction to find for the plaintiffs, and the refusal of defendants' points, for error.

*Mr. W. K. Jennings*, for the appellants.

Upon the question of estoppel by laches, counsel cited: Kribbs v. Downing, 25 Pa. 399; Neely's App., 85 Pa. 387. As to the right to a conditional verdict: Maple v. Kussart, 53 Pa. 348.

*Mr. James Fitzsimmons* (with him *Mr. J. S. Robb*), for the appellees.

PER CURIAM:

. It was decided in Spencer v. Jennings, 123 Pa. 184, that the mortgage under which the premises in controversy were sold was void, for the reason that the Orphans' Court of Allegheny county had no jurisdiction to authorize it. From this the conclusion logically follows that the plaintiffs are not bound or affected by the proceedings under that mortgage, and their title to the real estate is not divested. It is now claimed that they cannot recover in this ejectment for the reasons, (a) that they have been guilty of laches, and (b) that they have received or participated in the enjoyment of the purchase money. It may be conceded that, had they knowingly received the pur-

Syllabus.

chase money, they would be estopped from recovering the land, for equity would not permit them to have both the land and its price. Just here the defendants' case fails. The learned judge below correctly held that there was not sufficient evidence to submit to the jury, that the plaintiffs knowingly received any money or property, the proceeds of the mortgage on the subsequent sale on it. The defence of the plaintiffs' laches is untenable. They were minors at the time of the transaction, and no laches can be imputed to them until after their arrival at age. After that period they had twenty-one years in which to assert their rights.

Judgment affirmed.