## Moore v. Moore.

*Husband and wife — Suits against each other — Statute of limitations — Incarceration in insane asylum—Acts of March 27, 1713, June 8, 1893, and March 27, 1913.*

1. A husband and wife may sue and recover from each other their individual property.

2. The statute of limitations does not apply as between husband and wife.

3. The statute of limitations does not run against a claimant during his confinement in an insane asylum.

The Acts of March 27, 1713, 1 Sm. Laws, 76, June 8, 1893, P. L. 344, and March 27, 1913, P. L. 14, considered.

Statuory demurrer. C. P. Lancaster Co., April T., 1915, No. 49.

*John A. Coyle* and *B. F. Davis,* for plaintiff; *John E. Malone,* for defendant.

LANDIS, P. J., Jan. 14, 1922.—The statement in this case alleges that, in the month of June, 1907, the defendant, as the agent of the plaintiff, received from Mrs. Harriet Houltry $75, which she refused to turn over to him; that in the early part of March, 1908, a lot of farm implements and stock belonging to him was sold for about $850 by the defendant, and she received the money and retained it; that in the spring of 1906 the plaintiff loaned $600 to one John Werner on a promissory note, and that, on April 1, 1906, Ephraim Werner, the endorser on the note, paid this money, with interest, to the defendant, who kept it and refused to pay the same to him; that in the spring of 1906 the plaintiff loaned the sum of $1000 to John Y. Weidner on a promissory note, which sum was repaid to the defendant in April, 1908, with two years' interest, and that she refused, and continues to refuse, its payment to him; that the plaintiff was the owner of various furniture in his home in Denver, Pennsylvania, valued at about $500, which she also took and converted to her own use; that on April 28, 1908, he was removed to the Lancaster County Insane Asylum, where he was detained for five years, during which time he was unable to assert and protect his rights. The total amount claimed to be due to the plaintiff is $3025, with interest. By an amendment

Moore *v.* Moore.

filed, it is also alleged that they, the parties, are living separate and apart from each other, and also that, by forcing him to leave their joint domicile and causing him to be removed to the Lancaster County Insane Asylum, the defendant deserted the plaintiff and placed him under disability for five years. The amendment, we think, covers the first two specifications of the affidavit of defence, so that we will not further consider them.

The only remaining question raised in the affidavit of defence is whether the claim is barred by the statute of limitations, the cause of action arising during the years 1906, 1907 and 1908.

In Towers *v.* Hagner, 3 Wh. 48, it was said that "a married woman having a separate estate may give or lend the income of it, if at her disposal, to her husband as to any other person." And in Marsteller *v.* Marsteller, 93 Pa. 350, Mr. Justice Trunkey said: "In contemplation of law, the wife is scarcely considered to have a separate existence; she and her husband constitute but one person, and the unity of persons is the source from which her disability to maintain suit is derived." The converse of the proposition, whereby the husband could not maintain a suit against his wife, necessarily follows.

The legislature has, however, long since relaxed the strictness of the common law in this regard. Now, under certain prescribed conditions, husband and wife may sue and recover from each other their individual property. By the Act of June 8, 1893, § 3, P. L. 344, it was provided that "hereafter a married woman may sue and be sued civilly in all respects and in any form of action, and with the same effect and results and consequences, as an unmarried person; but she may not sue her husband, except in a proceeding for divorce, or in a proceeding to protect or recover her separate property whensoever he may have deserted or separated himself from her without sufficient cause, or may have neglected or refused to support her; nor may he sue her, except in a proceeding for divorce, or in a proceeding to protect or recover his separate property, whensoever she may have deserted him or separated herself from him without sufficient cause. . . ." The Act of March 27, 1913, P. L. 14, enlarges their rights by enabling them to sue each other in proceedings for divorce or in a proceeding to protect and recover their separate property without limitation as to desertion or other cause. The plaintiff, therefore, conceding, as alleged in the statement, that he was suing his wife to recover his separate property, had a right to maintain an action against her, unless time and the statute of limitations have abrogated that right.

In section 5 of the Act of March 27, 1713, 1 Sm. Laws, 76, it is enacted that, "if any person or persons who is or shall be entitled to any such action of trespass, detinue, trover, replevin, actions of account, debt, actions for trespass, for assault, menace, battery, wounding or imprisonment, actions upon the case for words, be, or at the time of any cause of such action given or accrued, fallen or come shall be, within the age of twenty-one years, *feme covert, non compos mentis,* imprisoned or beyond sea, that then such person or persons shall be at liberty to bring the same actions, so as they take the same within such times as are hereby before limited, after their coming to or being of full age, discoverture, of sound memory, at large, or returning into this province, as other persons."

The law has been (and I see nothing in any act of assembly to change it) that, as between husband and wife, the statute of limitations does not apply. But, in addition, the Act of 1713 especially excepts persons *non compos mentis* or under imprisonment: Kauffman *v.* Kauffman, 1 York Leg. Record, 194. In the same way, a cause of action accruing during infancy may be com-

1 D. & C.

Moore v. Moore.

menced any time within six years after the plaintiff attains his majority: Pugh v. Powell, 8 Sadler, 515; Spencer v. Jennings, 139 Pa. 198; Fassitt v. Seip, 249 Pa. 576.

In the statement the plaintiff asserts that he was imprisoned in the Lancaster County Insane Asylum for five years from April 28, 1908. It could only have been on the grounds that he was *non compos mentis*, for otherwise he would not have been kept confined there. But, be that as it may, he was imprisoned, and, of itself, imprisonment prevented the statute from running against his claims. This suit was brought on March 15, 1915, which was within six years of his discharge, and was, we think, in time. We are, therefore, of the opinion that the claim was not barred by the statute, and that the point of law should be determined in favor of the plaintiff.

The defendant is permitted to file a supplemental affidavit of defence to the averments of fact of the statement within fifteen days.

From George Ross Eshleman, Lancaster, Pa.