# Christian Lease, Executor of Magdalena Ensminger, deceased, Appellant, *v.* Samuel Ensminger.

*Res judicata—Conclusiveness of decree of orphans' court in distribution.*
The decree of the orphans' court confirming an account is conclusive only as to the funds distributed and does not bind the court when another account in the same estate comes before it for distribution.

*Ejectment—Res judicata—Decree of orphans' court in distribution.*
The finding of an auditor confirmed by the orphans' court excluding a husband from participation in the personal estate of his wife by reason of neglect to support his wife does not operate as res judicata to preclude the husband to have that question determined by a jury in an action of ejectment for the purpose of determining his right to the real estate as tenant by the curtesy.

Argued March 12, 1897. Appeal, No. 49, March T., 1897, by plaintiff, from judgment of C. P. Cumberland Co., on verdict for defendant. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Ejectment. Before E. W. BIDDLE, P. J.
The facts sufficiently appear in the opinion of the court.
Verdict for defendant. Plaintiff appealed.

*Error assigned* was in rejecting the following offer: By Mr. Wetzel: The plaintiff offers the account of the executor of Magdalena Ensminger, filed and confirmed by the orphans' court of Cumberland county; its reference to Joseph S. Shapley, Esq., as auditor to award distribution; his report thereon, filed in the orphans' court January 13, 1896, and confirmed January 25, 1896, with the decree of the court ordering payment in accordance therewith, and releases and rights of all distributees; this for the purpose of showing that before the auditor on the distribution of Magdalena Ensminger's estate the defendant made a claim for his interest in said estate, under the intestate laws, by reason of his marital relations with the decedent; that the defendant and the parties interested in the estate contested this subject before the auditor; that testimony was introduced and a report was made by the auditor finding, as a fact, that Samuel Ensminger had neglected to support his wife for a year and,

upwards, and forfeited his interest in his wife's estate under the act of May 4, 1855; this for the purpose of showing that this court has determined, as a fact, that the said Samuel Ensminger had forfeited his interest in his wife's estate by reason of his neglect to support her under the act of 1855; this for the purpose of showing: 1. That the subject-matter was res adjudicata. 2. That it is evidence in this case to be submitted to the jury, if not res adjudicata, as persuasive of the fact contended for in this case.

By Mr. Leidich: Objected to: 1. The matter in issue before the auditor was whether or not, under the situation and circumstances surrounding the rights of Samuel Ensminger, he was entitled to share in the distribution of the fund in the hands of the auditor for distribution. 2. That matters incidentally passed upon by the auditor are only determined for the purpose of the issue involved in that case; they are not evidence in this case.

By the Court: The finding of the auditor and the decree of the court in relation to the distribution of the personal fund in the hands of Mrs. Ensminger's executors, are not conclusive in this action, as to any matter which was but incidentally passed on; the main object of the audit was to find a correct distribution of the funds in hand. That the defendant had failed to provide for his wife was a matter that was incidentally passed upon, but is not res adjudicata in so far as any question in regard to the disposition of the real estate is concerned. Notwithstanding a direction in the testatrix's will to convert her real estate, it still remains realty, so far as the defendant is concerned. The objections are sustained; plaintiff excepts and bill sealed.

*J. W. Wetzel,* for appellant.—It is too clear for argument that the only question in controversy before, and determined by the auditor and the orphans' court, was, that the defendant had forfeited his right to share his wife's estate, because of his wilful refusal and neglect to support her for one year and upwards, under the Act of May 4, 1855, P. L. 430 : Schwan v. Kelly, 173 Pa. 65.

*S. M. Leidich,* with him *J. E. Barnitz,* for appellee.—Former

judgments cannot be used as evidence to a jury merely to influence their opinion: King v. Chase, 15 N. H. 9.

In Guenther's Appeal, 4 W. N. C. 41, the identical question was passed upon and determined.

The present case is an effort to set up an alleged determination of a fact and a decree of the court as to a partial account, in an action of ejectment to recover real estate belonging to the same estate. To the same effect are the decrees in Shaffer's Appeal, 46 Pa. 131; Shindel's Appeal, 57 Pa. 43; Leslie's Appeal, 63 Pa. 355; Hall's Appeal, 112 Pa. 42; Hibshman v. Dulleban, 4 Watts, 183.

This statement of the law has been affirmed in a number of cases: Martin v. Gernandt, 19 Pa. 124; Lewis & Nelson's Appeal, 67 Pa. 153; Campbell v. Consalus, 25 N. Y. 613.

OPINION BY REEDER, J., July 23, 1897:

There is but one question raised by the assignments of error in this case. The plaintiff offered in rebuttal, upon the trial of this cause in the court below, the account of the executor of Magdalena Ensminger, and its confirmation by the orphans' court, the auditor's report making distribution of the estate, which was afterwards confirmed by the court, with the decree of the court ordering payment in accordance therewith, for the purpose of showing that before the auditor the defendant made his claim for his interest in the personal property of said estate, and that the auditor found as a fact, upon which his distribution was based, that Samuel Ensminger had neglected to support his wife for a year and upwards, and forfeited his interest in his wife's estate under the act of May 14, 1855, for the purpose of showing that the defense of the defendant in this case was ineffective because res adjudicata.

This offer was overruled by the court upon objection by the defendant, and we are now to determine only whether this ruling was an error in law.

The court in its ruling holds that the finding of the auditor and the decree of the court are not conclusive in this action as to any matter which was incidentally passed upon; that the object of the audit was simply the distribution of the funds then in the hands of the executor. The question as to the failure of the defendant to provide for his wife was incidentally raised

and passed upon in that proceeding and is not res adjudicata so far as the distribution of the real estate is concerned. This action relates wholly to his right to the real estate.

All the authorities in this state are in thorough accord with the court's ruling. In Guenther's Appeal, 4 W. N. C. 41, it was held "that the decree of the orphans' court confirming an account is conclusive only as to the funds then distributed, and does not bind the court when another account in the same estate comes before it for adjudication." This case was an endeavor to set up a determination of fact upon a partial distribution of the funds of an estate in a subsequent distribution arising in the same estate. In the audit upon the first account, a daughter of one of the sisters who had died before the date of the will, claimed her deceased mother's share before the auditor appointed to distribute the fund. The claim was allowed. Upon the audit upon the second account, objection was made to the allowance of any portion of the fund to the daughter of one of the sisters, and it was then argued that the distribution to the daughter upon the first or partial account was res adjudicata and determined the daughter's right to distribution upon the second or subsequent account, and could not be reviewed by the auditor. The Supreme Court held " that the order of the court in refusing to give her her mother's share of the fund after the court had confirmed absolutely the auditor's report which sustained the claim and determined the same questions under the former distribution, to which no appeal had been taken, was not error."

In Hibshman v. Dulleban, 4 Watts, 183, the Supreme Court says : " that the judgment of a court of concurrent jurisdiction directly upon the point, is, as a plea, a bar, or, as evidence, conclusive between the same parties in the same matter directly in question in another court; secondly, that the judgment of a court of exclusive jurisdiction directly upon the point is in like manner conclusive upon the same matter between the same parties coming incidentally in question in another court for a different purpose; but neither the judgment of a concurrent or exclusive jurisdiction is evidence of any matter incidentally cognizable, nor of any matter to be inferred by argument from the judgment."

. To the same effect are the decisions in Shaffer's Appeal, 46

Pa. 131; Shindel's Appeal, 57 Pa. 43; Leslie's Appeal, 63 Pa. 355; Hall's Appeal, 112 Pa. 42; Martin v. Gernandt, 19 Pa. 124; Lewis and Nelson's Appeal, 67 Pa. 153.

The appellant relies in his argument upon the case of Schwan v. Kelly, 173 Pa. 65, but the latter case is in thorough accord with the former decisions, and is not adverse to the ruling of the court below. The defendants in that case brought a bill in equity to rescind a contract for the sale of real estate sold to the plaintiffs. A certain amount in cash was paid and a mortgage given for the balance of the purchase money. A sci. fa. was issued on the mortgage and the plaintiffs interposed no defense and judgment was entered upon the sci. fa. The plaintiffs knew of the alleged false statements and representations before the judgment was obtained upon the sci. fa. and made no defense thereto and no objection to the sheriff's sale. The Supreme Court there held that the question as to the validity of the sale was at issue upon the sci. fa., and when they failed to make defense thereto and permitted judgment to be entered against them, they were concluded on that ground in an action of ejectment for the land sold on the judgment on the sci. fa. The very question,—namely, the fraud of the parties in the making of the contract of sale of land—was at issue there, not incidentally, but directly at issue, and when they permitted the adjudication of that question against them, they could not take advantage of it in any subsequent proceeding where the same issue was directly raised.

That, however, is not this case, and is the strongest authority that has been or could be cited in the direction of the plaintiff's position. The question as to the husband's maintenance of his wife was not a question directly at issue in the hearing before the auditor on the distribution of the personal fund. It was a question that was raised incidentally to the purposes of his appointment, namely, the distribution of the balance in hand to the people who were entitled to it. It did not and could not apply to the real estate. His claim to the real estate is the common law claim of tenancy by the curtesy. His claim to the personal fund was under the intestate laws, and, while it was true that, as incident to his claim to the personal fund, his support of his wife was a question for the auditor to determine, yet it was not directly, but incidentally, at issue, and, therefore,

did not preclude him from having that question determined by a jury in an action of ejectment for the purpose of determining his right to the real estate as tenant by the curtesy.

The ruling of the court below was, therefore, right; the exceptions are dismissed, and the judgment is affirmed.