# CASES

IN THE .

# SUPERIOR COURT

OF

# PENNSYLVANIA.

## Commonwealth *v.* Mackey, Appellant.

*Appeals—Assignments of error—Interrogatories.*

Assignments of error consisting of a series of questions of a general character, which the appellant conceives are involved in the appeal, will not be considered.

Assignments of error must be so complete in themselves as not to require reference to other parts of the record.

Argued April 16, 1907. Appeal, No. 5, Oct. T., 1907, by defendant, from judgment of Q. S. Blair Co., Oct. T., 1906, No. 23, on verdict for plaintiff in case of Commonwealth v. E. M. Mackey. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Appeal non-prossed.

Indictment for violating the pure food law.

The defendant pleaded nollo contendere upon which judgment of sentence was passed.

*Errors assigned* were as follows :

1. Does the plea of nollo contendere entered by the defendant preclude him from taking an appeal?

2. Is the selling and having for sale, adulterated candy, prohibited by the Act of June 27, 1895, P. L. 317 entitled, "an act to provide against the adulteration of food, and providing

VOL. XXXIV—1 (1)

for the enforcement thereof," or any of its supplements, or is what the appellant charged with doing, anywhere made an offense by statute?

3. Does the title of the act of 1895 give any direct notice in immediate connection with the act itself, of the subject, so that a wholesale confectioner may know, or be put on inquiry as to its provisions and their effect?

4. Does the word "food," as it is used in the act of 1895, include candy upon which the indictment is based, and is not that indictment founded upon an artificial and arbitrary commission of a fictitious crime?

5. In a criminal prosecution under a penal statute, is the commission of an act described with sufficient clearness and accuracy, and is it specific enough in describing the substance with which the appellant is charged to bring the indictment within the pale, that the bill of rights, section 9, constitution of Pennsylvania, and the rules of criminal pleading require, when the word candy is used alone without designating the kind?

6. Does the record of the alderman set out sufficient to enable the court of quarter sessions to determine whether he had jurisdiction to review that fact?

7. Is there a sufficient finding by the grand inquest, when they find, " By having mixed therein and therewith and containing a certain added substance or ingredient poisonous in its nature or injurious to health, to wit: sulphites or a compound thereof, a more particular description of which is to this grand inquest at present unknown," etc?

8. Is it in violation of section 15, article III, of the constitution of Pennsylvania, because diverting money from the state treasury without a specific appropriation?

9. Does it curtail the constitutional powers of the secretary of internal affairs in violation of article IV, section 19, of the constitution of Pennsylvania?

10.. It is not in violation of section 19, article III, of the constitution of Pennsylvania, which prohibits the creation of any state office for the inspection of merchandise, manufacture or commodity, etc.

*W. E. Mackey*, for appellant.

*A. H. Woodward*, with him *J. Banks Kurtz*, district attorney, for appellee, filed no printed brief.


PER CURIAM, May 13, 1907 :

The assignments of error are an essential part of the pleadings in this court, and it has been declared repeatedly that they should be so complete in themselves as not to require reference to other parts of the record.   There are many reasons for this requirement, but the one that is most commonly given in the reported cases is, that when an appeal is disposed of and the record remitted to the court below the præcipe, assignments of error and plea thereto are all the papers that usually remain of record in the appellate court as the basis of its judgment or decree, as the case may be.   The ruling of the lower court must be specified in distinct terms in the assignment in order to question it on appeal.   In the present case no ruling, order or judgment of the court below is set forth or specified in the paper filed and printed as assignments of error, but only a series of ten questions, some of them of the most general character, which the appellant conceives are involved in the appeal. Obviously, this is not a compliance, either substantial or formal, with our rules of court or with the general principles of pleading in an appellate court ; we are, therefore, constrained to hold that the third, fourth and fifth reasons assigned in support of the motion for non pros are sustained and that the motion must prevail.

Appeal non prossed and record remitted to the court below, to the end that the sentence be carried into effect.