# Jacoby's Estate.

*Will—Construction—Charity.*

Testator provided by his will as follows: "The remaining portion of my estate is to be invested in mortgages so as aforesaid approved, and be known as the G. T. Jacoby Protestant Orphans' Relief Fund, and the net income arising therefrom paid to the various Protestant orphan asylums and institutions wherein orphans are cared for within the county of Allegheny, but only to such as are strictly under Protestant management and that teach the Protestant religion. Also a. share to the Concordia Home of Butler County, share and share alike." It appeared that the testator had been a resident of the county for many years, and must have known of many institutions which aided orphan children, but were not exclusively orphanages. It also appeared that the Concordia Home was not an exclusive orphanage. *Held*, that there was no error in distributing the fund to Protestant institutions that aided orphans, but were not exclusively orphanages.

Argued May 8, 1907. Appeal, No. 214, May T., 1907, by the German Protestant Orphan Asylum, from decree of O. C. Allegheny Co., Sept. T., 1906, No. 337, dismissing exceptions to adjudication in Estate of George T. Jacoby, deceased. Before RICE, P. J., HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exceptions to adjudication.
The opinion of the Superior Court states the case.

*Error assigned* was in dismissing exceptions to adjudication.

*J. M. Hunter*, with him *Hermann F. Ruoff*, for appellant.

*J. R. Sterrett*, of *Patterson, Sterrett & Acheson*, with him *George C. Burgwin*, *Robert E. Stewart* and *Morton Hunter*, for appellee.

OPINION BY ORLADY, J., October 7, 1907:

By the ninth item of the last will of George T. Jacoby, dated February 3, 1894, it is provided:

"The remaining portion of my estate is to be invested in mortgages so as aforesaid approved, and be known as the G. T. Jacoby Protestant Orphans' Relief Fund, and the net income arising therefrom paid to the various Protestant orphan asylums and institutions wherein orphans are cared for within the county of Allegheny, but only to such as are strictly under Protestant management and that teach the Protestant religion. Also a share to the Concordia Home of Butler county, share and share alike. If by reason of death any of said legacies should lapse by reason of death of the legatee before the principal is paid to him or her, then his or her share shall be added to the relief fund excepting only in the case of the children of Mary Douns. No asylum shall be entitled to its portion until due proof has been made that in it is taught the Protestant religion. The principal must not be impaired, as it is my desire so far as I am able to establish a permanent relief fund."

The trustee of the fund appointed by the will has filed four accounts of its administration thereof. In the audit of the first three accounts the net income of the fund was awarded to the appellant and other claimants to this particular fund, and in an opinion filed to the first audit the construction of this bequest is carefully considered, and the distribution to this appellant and to the others was made in accordance therewith. This was followed in making the distribution of the second and third audits, in all of which the appellant acquiesced and received the amount decreed to it without further contention.

In the dispute now pending no new or different question is presented, and in the per curiam opinion filed it is stated: "The questions involved in the exceptions of the German Protestant Orphans' Asylum, in which it is claimed that only institutions which are exclusively orphan asylums are within the class of beneficiaries designated by the testator, were raised and discussed on the audit of the trustee's first account, and for the reasons there given (Jacoby's Estate, 51 P. L. J. 77), the exceptions are dismissed."

The distribution of the fund now in court is made on the same basis, and it is so made for the same reasons as governed

the prior one from which no appeal was taken, and in which the appellant participated. While the question is debatable as to whether the former adjudication by the same court, of the same subject-matter, and between the same parties, is res judicata (Lease v. Ensminger, 5 Pa. Superior Ct. 329; Guenther's Appeal, 4 W. N. C. 41; Keech v. Rinehart, 10 Pa. 240; Kline's Appeal, 86 Pa. 363; Old Man's Home v. Penna. Institution for Instruction of the Blind, 17 W. N. C. 171), it becomes unnecessary to decide it in the view we take of the conclusion reached by the orphans' court and the conceded facts.

It is to be presumed that the testator knew at the time his will was executed the character and administration of the affairs of the institutions in Allegheny county likely to participate in this bequest, and that they were under a particular control. He designated them as "various," and limits his bounty to such "as are strictly under Protestant management and teach the Protestant religion." It is manifest that his purpose was to aid orphan children in such institutions, and it requires the addition of material words, but which are not necessary to interpret his purpose, to confine and limit his beneficence to institutions "as are incorporated or organized for the exclusive purpose of caring for and maintaining orphans." Had he so intended it would have been so stated. The only limitation is clearly and succinctly defined—orphan inmates of institutions under Protestant management—and it is not the policy of the law to restrict it further than the words reasonably require. The name given to the fund, the fact that the only named beneficiary is not an exclusive orphanage, and that some institutions in existence at the time the will was executed admitted boys only, one colored children alone, another the orphans of Odd Fellows only; that the testator had been a resident of the county for many years, and, judging from his will, was interested in the welfare of orphans, and knew of many of such institutions, are all pertinent and found facts to aid in giving a practical effect to this bequest. It would be a strained and restricted construction to a bequest that was founded on a liberal and broad-minded design.

The decree is affirmed.