# Rahm's Estate.

*Executors and administrators—Trusts and trustees—Res adjudicata.*

1. Where at the audit of the account of the administrator of a deceased testamentary trustee, the orphans' court enters a decree awarding a particular fund to the administrator d. b. n. c. t. a. of the testator who created the trust, to pay the income from such fund to a beneficiary for life, and after her death to pay the corpus of the fund to the administrator of the deceased trustee, and the administrator d. b. n. c. t. a. appeals from the decree, but subsequently discontinues the appeal, the appeal is final and conclusive as to the right of the administrator of the deceased trustee to have the corpus of the fund paid directly to him upon the death of the beneficiary. The administrator d. b. n. c. t. a. upon the audit of his account of the fund after the death of the beneficiary cannot claim it should be awarded to him, inasmuch as such contention is res adjudicata by the former decree.

*Appeals—Assignments of error—Irregular assignments.*

2. On an appeal from the orphans' court assignments of error are irregular and insufficient which simply allege error to the action of the lower court in holding with the contention of the appellee and in not holding in accordance with the contention of the appellant, and which do not set out the ruling of the court on any question involved in the case, or assign for error the decree of the court, the only ruling to which an exception was taken.

Argued Oct. 16, 1911. Appeal, No. 6, Oct. T., 1911, by Guarantee Title & Trust Company, Administrator c. t. a., from decree of O. C. Allegheny Co., March T., 1910, No. 176, dismissing exceptions to adjudication in Estate of Edward Rahm, Sr., deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to adjudication. Before MILLER, J.

The facts appear by the opinion of the Supreme Court, and by Rahm's Est., 226 Pa. 594.

*Errors assigned* were in the following form:

1. The court erred in not holding that appellant has

the absolute and exclusive title to said fund as a part of the unadministered assets of Rahm's estate.

2. The court erred in not distributing the fund in question to appellant as Rahm's administrator c. t. a.

3. The court erred in not holding that the person or persons ultimately entitled to the fund in question must acquire their title from appellant as Rahm's personal representative.

4. The court erred in holding that it had jurisdiction to distribute the assets of Rahm's estate before said assets had come into the hands of Rahm's personal representative, and before said personal representative had filed an account.

5. The court erred in holding that it had jurisdiction to decide during the life of Louisa Rahm who should be entitled to the principal of the fund of $3,000 at her death.

6. The court erred in distributing said fund belonging to Rahm's estate in accordance with its decree in another proceeding, to wit, the audit of an account of Hopkins' ancillary administrator.

7. The court erred in distributing the fund in question to the domiciliary administrator of James H. Hopkins, deceased, when no evidence was produced at the audit to show that said distributee had any title to said fund.

8. The court erred in holding that the question of appellant's title to said fund at the death of Louisa Rahm had been adjudicated by the orphans' court or the Supreme Court.

9. The court erred in ordering the distribution of a fund over which it had no jurisdiction, thereby depriving appellant of its property without due process of law, contrary to sec. 9, art. I of the constitution of Pennsylvania and the fourteenth amendment to the constitution of the United States.

*A. M. Fuller*, for appellant.—Appellant has title to the fund in question as unadministered assets of Rahm's estate and the persons ultimately entitled thereto must obtain

their title through appellant as Rahm's personal representative: Lee v. Wright, 1 Rawle, 149; Ebbs v. Com., 11 Pa. 374; Hagthorp v. Hook, 1 Gill & Johns. (Md.) 270; Lawrence v. Wright, 40 Mass. 128.

The orphans' court has no jurisdiction to distribute the assets of a decedent's estate until the account of the decedent's personal representative has been filed and settled: Miller's Est., 159 Pa. 562; Wagner's Est., 227 Pa. 460.

The orphans' court had no jurisdiction to decide during Louisa Rahm's life who should be entitled to the principal of the fund in question at her death: Willard's App., 65 Pa. 265.

*Jesse T. Lazear*, with him *H. V. Blaxter*, for appellee.— All the matters involved in this appeal are res adjudicata: Rahm's Est., 226 Pa. 594; Corry v. Corry Chair Co., 18 Pa. Superior Ct. 271; Jenkins v. Scranton, 205 Pa. 598.

It was within the discretion of the orphans' court to decree the trust fund on the death of Louisa Rahm to the domiciliary administrator of Hopkins: Dent's App., 22 Pa. 514.

OPINION BY MR. JUSTICE MESTREZAT, January 2, 1912:

The facts of this case will be found in the opinion in Rahm's Est., 226 Pa. 594, and in the elaborate opinion of the orphans' court of Allegheny county from whose decree the appeal in that case was taken. Every question raised in this case was adjudicated by the orphans' court and this court in the case referred to. Unless we reverse our decree in the former case, affirming the decree of the orphans' court of Allegheny county, we must affirm the decree in this case. The learned judge of the orphans' court so held and we entirely agree with his conclusion.

Edward Rahm, Sr., died in Pittsburg in 1875, and by his will appointed James H. Hopkins guardian of his two sons and devised the residue of his estate to Hopkins in trust for the two sons. He also appointed Hopkins his executor, expressing a desire that he should not be required

to register the will, nor to file any inventory or account either as executor, guardian or trustee. Hopkins assumed the duties imposed upon him by the will and continued to perform such duties until his death in 1904. He paid the debts and legacies. At the time of his death, Hopkins was a resident of Washington, D. C., where a domiciliary administrator was appointed. At No. 68, October Term, 1905, of the orphans' court of Allegheny county, the Fidelity Title & Trust Company filed its first and final account as ancillary administrator of Hopkins' estate. Subsequently, the Guarantee Title & Trust Company, administrator d. b. n. c. t. a. of the estate of Edward Rahm, Sr., deceased, presented a petition to the orphans' court averring that Hopkins had entered upon his duties as executor of Edward Rahm, Sr., deceased, took possession of and administered the estate of Rahm but never probated the will nor filed any account of his administration of said estate, and died in June, 1904, a resident of Washington, D. C., and setting forth that Rahm's will was admitted to probate on January 3, 1908, and letters d. b. n. c. t. a. were granted to the petitioner; that in its account the ancillary administrator of Hopkins had not charged itself, inter alia, with a trust fund of $3,000 and did not show any administration of the fund; that the petitioner was entitled to said fund; and concluded with the averment that the petitioner excepted to the account on the ground that the accountant had not charged itself with the $3,000 in its hands, the interest on which was to be paid to Louisa Rahm during her life, under the terms of the will of Edward Rahm, Sr., deceased. The petition prayed that the court direct the ancillary administrator to file a supplemental account showing the administration of the trust fund and upon determination of the amount thereof that the court distribute it to the petitioner. A supplemental account was filed by Hopkins' administrator. At the audit of the account the present appellant and Edward Rahm, Jr., the surviving son and sole heir and residuary legatee of Edward Rahm, Sr., were represented. Hopkins'

administrator claimed and was allowed the corpus of the fund of $3,000 payable at the death of Louisa Rahm, and on June 6, 1908, the court entered a final decree awarding "to the Guarantee Title & Trust Company, administrator d. b. n. c. t. a. of the estate of Edward Rahm, Sr., deceased, and hereby appointed trustee, the sum of $3,000, the income thereof to be paid to Louisa Rahm during life, as per fourth clause of will and at her death the principal to be paid to the ancillary administrator of the estate of James H. Hopkins, deceased." No exceptions were filed to the decree by the present appellant, but subsequently it, as trustee and administrator d. b. n. c. t. a. of the estate of Edward Rahm, Sr., appealed to this court, filed its assignments of error, but discontinued the appeal on January 14, 1909. Edward Rahm, Jr., did not appeal from the decree, but presented a petition to the orphans' court to set aside the decree, which was refused, and thereupon he appealed to this court with the result that the decree was affirmed, and the corpus of the $3,000, the possession of which is in dispute here, was awarded to Hopkins' administrator in payment of money due Hopkins by Edward Rahm, Jr. See Rahm's Estate, 226 Pa. 594.

By the fourth clause of his will Edward Rahm, Sr., directed the interest on $3,000 to be paid to his sister Louisa Rahm during her lifetime. As will be observed, the orphans' court at the audit of the account of Hopkins' ancillary administrator awarded $3,000 to the present appellant as trustee, directing the income thereof to be paid to Louisa Rahm during her life. Louisa Rahm having recently died, the trustee filed the account out of which this controversy arises, accounting for the $3,000. At the audit of the account, the court awarded the balance in the hands of the trustee to Hopkins' domiciliary administrator at Washington, D. C. In entering this decree Judge MILLER, speaking for the court below, said, inter alia: "In view of the previous adjudication of the same question, both by this court and by the Supreme Court, it follows that the balance of the fund should be paid to the administrator

of James H. Hopkins' estate, for the reasons therein given at No. 68, October Term, 1905." From that decree the Guarantee Title & Trust Company, as administrator c. t. a. of the estate of Edward Rahm, Sr., deceased, has taken this appeal.

It will be observed that the fund which is the subject of this account was held by the appellant company as trustee under and by virtue of the decree of the orphans' court of June 6, 1908, by which the company was directed to pay the income to Louisa Rahm during her life, and, at her death, the principal to Hopkins' administrator. The present appellant, as we have heretofore seen, appealed from that decree to this court, but subsequently discontinued the appeal, and the question of the disposition of the fund is therefore res judicata. The appellant company had its day in court and an opportunity to assert its right to the fund. We have uniformly held that the orphans' court has exclusive jurisdiction to ascertain the amount of the estates of decedents and to order their distribution among those entitled, creditors as well as legatees and distributees. It was the estate of James H. Hopkins, deceased, that was being audited and distributed when the fund of $3,000 was decreed to the present appellant as trustee. The court unquestionably had jurisdiction to audit the account of Hopkins' administrator, and to distribute the fund in its hands to the parties legally entitled thereto. The $3,000 was a part of Hopkins' estate, and the orphans' court had the authority to determine and it did determine, to whom it belonged. The present appellant company recognized the jurisdiction of the court, appeared before it, presented its claim in a petition setting forth all the facts and after being fully heard, its rights to the fund were adjudicated. That adjudication cannot be attacked in this or any other collateral proceeding. Hopkins' administrator, pursuant to the adjudication, paid the fund to the appellant as trustee on the trust stated in the decree. If that adjudication of the orphans' court disposing of the fund was erroneous and the fund was

a part of the unadministered assets of Rahm's residuary estate and should have been awarded to the present appellant as Rahm's administrator, the remedy was by an appeal to this court. This was then manifestly the view of the present appellant company, as it took an appeal in which any error could and would have been corrected by this court. The appeal, however, was discontinued, the appellant thereby submitting to the decree of the orphans' court as the final and proper disposition of the fund the possession of which is now in controversy.

The former and final decree, disposing of the fund, directed that at the death of Louisa Rahm it should be paid to Hopkins' administrator. The trustee should have performed this duty without any further decree or order of the court. If the appellant's contention in this case be sustained, the effect would be to direct the payment of the fund, now held by the Guarantee Title & Trust Company as administrator of Rahm's estate, to Hopkins' administrator as directed by the former decree. The consequence would be, not to change the party to whom the fund will ultimately go, but simply to diminish the amount he shall receive by deducting from it the administrator's commissions and the officers' costs which would accrue on another account. Such circuity of action for such a reason would be a reproach to the administration of justice, and should not be permitted by any court where justice is judicially administered.

The several questions attempted to be raised by the assignments of error were considered and disposed of in the opinion filed in the other case, and we are not convinced that our former conclusions are erroneous.

Had the appellee moved to quash this appeal the motion must have prevailed. None of the nine assignments of error comply with our rules of court or the general principles of pleading. The decree, the only ruling to which an exception was taken, is not assigned for error, and the assignments simply allege error to the action of the court in holding with the contention of the appellee and in not

holding in accordance with the contention of the appellant, and without setting out the ruling of the court on any question involved in the case. Both appellate courts have so often held such assignments irregular and insufficient that there is no longer any reason for persisting in the practice. There are numerous reported cases dealing with the question, among which are Kunkel's Appeal, 192 Pa. 14; Arnold v. Russell Car & Snow Plow Co., 212 Pa. 303; North Mountain Water Supply Co. v. Troxell, 223 Pa. 315; Oakland Borough v. Boyden, 22 Pa. Superior Ct. 278; Com. v. Mackey, 34 Pa. Superior Ct. 1.

The decree is affirmed.