## Shaffer, Appellant, *v.* Wilmore Coal Co.

*Actions—Res adjudicata—Ejectment—Prior suit in equity between same parties—Binding instructions.*

1. The rule that a cause of action once finally determined, without appeal, between the parties, on the merits, by a competent

tribunal, cannot afterwards be litigated by new proceedings, either before the same or any other tribunal, applies where the cause of action, while not technically the same, is nevertheless so related to the cause in the prior litigation that some matter, the establishment of which is essential to recovery in the second, was determined in the first.

2. At the trial of an action of ejectment where it appeared that plaintiff's right to possession had been finally adjudicated against him in a suit in equity for specific performance of a contract to convey the land in suit to defendants' assignors, wherein the decree which was unappealed from, determined every question raised on the trial of the action of ejectment, the court made no error in directing a verdict for defendants.

Argued Sept. 28, 1914.  Appeal, No. 53, Oct. T., 1914, by plaintiff, from judgment of C. P. Somerset Co., Feb. T., 1912, No. 132, on directed verdict for defendants in case of Lewis D. Shaffer v. The Wilmore Coal Company, The Berwind-White Coal Mining Company, and The Pennsylvania Railroad Company.  Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Ejectment for lands in Somerset County.    Before BALDRIGE, P. J.

The opinion of the Supreme Court states the facts.

Verdict for defendant by direction of the court, and judgment thereon.  Plaintiff appealed.

*Error assigned*, among others, was in directing a verdict for defendants.

*Alexander King*, for appellant.

*Chas. F. Uhl, Jr.*, with him *Chas. H. Ealy*, for appellees.

PER CURIAM, October 26, 1914:

This appeal is from a judgment entered on a verdict in an action of ejectment.  The defense at the trial was that

the plaintiff's right to possession had been finally adjudicated against him in a proceeding in equity for the enforcement of his written contract to convey the land in question to the assignors of the defendants who had assigned the agreement to them. This defense was sustained by proof of the record of the trial in equity and by a decree for specific performance which was unappealed from. The equity suit was between the same parties, it related to the same subject-matter, involved every question raised at the trial of this action, and it was determined on the merits of the controversy. The decree was therefore conclusive against the plaintiff's claim and a verdict was properly directed for the defendant. In the recent case of Bower's Est., 240 Pa. 388, it was said by our Brother STEWART: "A cause of action once finally determined, without appeal, between the parties, on the merits, by any competent tribunal, cannot afterwards be litigated by new proceedings either before the same or any other tribunal. This is a rule dictated by public policy which demands that when a fact has been judicially and finally determined between the same parties, contention with respect thereto must cease. The rule applies with the same strictness where the cause of action, while not technically the same, is nevertheless so related to the cause in the prior litigation that some matter, the establishment of which is essential to the recovery in the second, was determined in the first."

The judgment is affirmed.