# Havir's Estate.

*Res judicata—Questions of law—Questions of fact—Practice, O. C.—Hearing on petition and answer—Partition.*

1. Decisions of law made in distributing one fund are not binding in a subsequent distribution of another fund, between the same parties, in the same estate; but the contrary rule prevails as to questions of fact.

2. The rule as to the conclusiveness of the finding as to a question of fact, applies, where the cause of action in the second proceeding, while not technically the same, is nevertheless so related to the cause in the prior litigation that some matter of fact, the establishment of which is essential to the recovery in the second, was determined in the first.

3. A finding by the adjudication of the account of an executor, covering personal property only, that a charge of nonsupport against a husband was unfounded, is res judicata of the same question in a subsequent proceeding in partition of real estate between the same parties in the same estate. Lease v. Ensminger, 5 Pa. Superior Ct. 329, overruled.

4. In such case, where the proceeding in partition is by petition and answer, the court below may rest its decision on the finding of fact in the previous adjudication, although there is nothing on the record in the nature of a plea of res judicata.

*Partition—Orphans' court—Real estate included in proceedings —Estate by entireties—Husband and wife—Trusts and trustees— Pleadings—Petition and answer—Dispute as to title.*

5. Where a proceeding for partition in the orphans' court is heard on petition and demurrer to amended answer, and the answer. fails to show, in a manner required by law, that the whole of decedent's realty was not included in the proceedings instituted by the petitioner, the latter is entitled to partition, and the court commits no error in sustaining the demurrer, and entering final judgment for petitioner.

6. In such case the mere fact averred in the answer that properties not included in the petition were purchased with the individual funds of the wife is not sufficient to defeat the estate by entireties and the husband's right to the whole of such estate on the death of his wife.

7. Nor are averments of the answer sufficient which allege misconduct on part of husband, but do not specifically connect such misconduct with the acquisition of the properties held by entireties; and especially is this so, where it appears that the wife made no claim in her lifetime against her husband as to such properties, and by her will provided for him and made no claim in the will to individual ownership of the properties in question.

Not decided whether it is proper to raise a dispute as to title of real estate for adjudication in a partition proceeding.

Argued March 20, 1925. Appeal, No. 7, March T., 1925, by Andrew Zeok, a child of decedent, from decree of O. C. Allegheny Co., Dec. T., 1922, No. 6, awarding partition in estate of Mary Havir (also called Meri Havir), deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition for partition. Before MILLER, P. J., TRIMBLE and MITCHELL, JJ.

The opinion of the Supreme Court states the facts.

Decree for petitioner in opinion by MITCHELL, J. Andrew Zeok, a child of decedent, appealed.

*Error assigned* was, inter alia, decree, not quoting it, but referring to it by pages in record.

*John N. English,* with him *Crawford Scott,* for appellant.—Any finding in the audit of the personal estate was conclusive only as to the fund then distributed, and does not operate as res judicata in having the question of the husband's neglect to provide for his wife determined in another action: Lease v. Ensminger, 5 Pa. Superior Ct. 329; Leslie's App., 63 Pa. 355; Reed's Est., 237 Pa. 125; Kellerman's Est., 242 Pa. 3; Williamson's Est., 82 Pa. Superior Ct. 444; Freeman's Est., 280 Pa. 273.

The failure to provide for the wife alleged in the answer becomes a positive admission as a fact by the withdrawal of the replication.

The additional real estate described in the answer should be included in the partition: Stehman v. Huber, 21 Pa. 260; Dexter v. Billings, 110 Pa. 135; Lodge v. Hamilton, 2 S. & R. 491; Stoffal v. Jarvis, 235 Pa. 50; Fink's Est., 77 Pa. Superior Ct. 267; Logan's Est., 74 Pa. Superior Ct. 82.

*Albert C. Hirsch,* with him *S. R. McClure* and *Watson & Freeman,* for appellee.—The answer and more specific answer in this case are the equivalent of cross-bills in equity: Lowrie's Est., 45 Pitts. L. J. 80; Jones v. Club, 261 Pa. 190; Gilkeson v. Thompson, 210 Pa. 355; Getty v. Inst., 194 Pa. 571; Rosenfeld v. Rosenfeld, 70 Pitts. L. J. 986.

No resulting or constructive trust could be predicated on any of the allegations. To raise a trust, the allegations must relate to the time of the inception of title: Artz v. Meister, 278 Pa. 583; McCloskey v. McCloskey, 205 Pa. 491; McDonald v. McClarren, 280 Pa. 243; Byers v. Ferner, 216 Pa. 233; Crawford v. Thompson, 142 Pa. 551; McCormick v. Cooke, 199 Pa. 631.

The allegations as to the failure of Mr. Havir to provide for his wife are also insufficient, because they set forth merely the conclusions, without supporting facts: Kvist's Est., 256 Pa. 30; Phillips's Est., 271 Pa. 129;

Ireland v. Ireland, 244 Pa. 489; Morrish v. Morrish, 262 Pa. 192; Gassner v. Gassner, 280 Pa. 313; McKendry v. McKendry, 131 Pa. 24; Heckman v. Heckman, 215 Pa. 203; Zeok v. Trust Co., 194 Pa. 388; Crawford v. Thompson, 142 Pa. 551.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, April 20, 1925:

Mary Havir, the decedent, died testate, and John Havir, husband and the present appellee, elected to take against her will. He proceeded in the orphans' court for partition of the real estate of his deceased wife; the prayer of his petition was granted. and inquisition awarded as to the property described therein; a child of decedent by a former marriage has appealed.

In making this decree, the court below acted on the petition and answer, treating the case as though plaintiff, by ordering it on the list for hearing, had demurred to the answer.

The answer admits that testatrix was seized of the real estate described in the petition, but avers that she also owned seven other properties at the time of her death. It appears that title to the latter was held in the name of John and Mary Havir, as tenants by entireties, six of such properties having been conveyed to them in the years 1900 and 1901 and the seventh in May, 1916; but the answer avers that all seven were purchased with funds from the separate estate of decedent, and, in effect, were held in trust for her. Appellant therefore contends that, if, on the facts before the court below, appellee was entitled to partition, the proceeding should include the last seven pieces of real estate as well as those described in the petition. The answer also contains a charge that appellee had not supported his wife and family for a period of one year and upwards previous to Mary Havir's death, and for that reason he had no interest in the properties in controversy and no stand-

ing to ask partition of them: see section 5, Act of June 7, 1917, P. L. 429, 435.

We shall consider the last of these contentions first. Concerning it, the court below states: "This question was gone into at great length at the audit of the account of the executors of decedent's estate, and [we] found the charge [of nonsupport] not sustained by the evidence."

Appellant contends that, since, at the time of the adjudication of the fact that the appellee was not guilty of failure to provide for his wife, so as to deprive him of the right of participation in the distribution of her estate, the fund then before the court consisted entirely of personalty, the findings in such adjudication are conclusive only as to the property then involved, and do not operate as res judicata in the present controversy, which concerns real estate.

Counsel for appellant relies principally on Lease v. Ensminger, 5 Pa. Superior Ct. 329. In that case, the fact of nonsupport found by the auditor was confirmed by the orphans' court, and the husband was accordingly excluded from participating in the distribution of the wife's personalty. Later, he claimed rights in the wife's real estate, as tenant by the curtesy, contending that the prior finding of the fact of nonsupport did not preclude him from having that question again examined, by a jury, in an action of ejectment, relying, as appellant does here, on the rule that a decree of the orphans' court on an account of personal estate is conclusive only as to the fund then distributed and does not bind the court when another account in the same estate comes before it for adjudication. The Superior Court, speaking through Judge REEDER, sustained the husband's contention and held that the rule on which he relied was applicable; but we do not regard the opinion of Judge REEDER as well considered, nor the case as correctly decided, in so far as it lays down the principle that facts found in a prior adjudication of a particular fund are not conclusive in a later adjudication,—the parties being the

same,—of another and different fund belonging to the same estate.

Judge REEDER's opinion, in the first place, proceeds upon the assumption that the fact of nonsupport was only "incidentally" raised in the prior adjudication, when, in reality, it was directly in issue. Furthermore, no effort is made by him to distinguish the different rules applicable to the binding effect in a later adjudication of facts previously determined and those applicable to prior decisions of law. We have frequently held that decisions of law made in distributing one fund are not binding in a subsequent distribution of another fund, between the same parties, in the same estate (Guenther's App., 4 W. N. C. 41; Rahm's Est., 226 Pa. 594, 233 Pa. 602; Lafferty's Est., 209 Pa. 44, 230 Pa. 496; Kellerman's Est., 242 Pa. 3), and the opinion relied on by appellant cites as authorities only cases applying that principle, or those in which the questions sought to be later raised either were not actually determined or were not directly at issue in the previous adjudication, such as Hibshman v. Dulleban, 4 Watts 183.

Although Lease v. Ensminger has been cited in subsequent cases, an examination of the latter will show that they deal only with the effect of prior decisions of law (Kellerman's Est., 52 Pa. Superior Ct. 412, 417, 242 Pa. 3, 8; Reed's Est., 237 Pa. 125, 131) or that the decision is based on grounds which have no relation to the rule in hand (Jacoby's Est., 34 Pa. Superior Ct. 355, 357). Finally, Lease v. Ensminger was cited by counsel for appellee in Bowers's Est., 240 Pa. 389; where, as we shall presently point out, it was practically overruled by this court, though not mentioned.

The true principles governing the effect of prior decisions of law and findings of fact, respectively, under circumstances like those at bar, are stated in Bowers's Est., 240 Pa. 389, 390, 392-3, and in Kellerman's Est., supra, pp. 11-12. In the former case, upon the adjudication of the first account of an executor, the orphans'

court decided, as a fact, that an alternative gift to him in the event of the death of the testatrix within thirty days of the date of the will, with consequent failure of a charitable bequest, was not a device or scheme of the testatrix, participated in by the claimant, to defeat the operation of the Act of April 26, 1855, P. L. 328. This point, we held, could not be reopened upon the adjudication of the second account of the executor, as the exact question of fact involved had already been determined in the prior proceeding, and, no appeal having been taken therefrom, all controversy regarding it was closed between the parties claiming the estate. Mr. Justice STEWART, speaking for the court, said: "A cause of action once finally determined, without appeal, between the parties on the merits, by any competent tribunal [Larkins v. Lindsay, 205 Pa. 534; Klick v. Gernert, 220 Pa. 503; Metzger's Est., 242 Pa. 69; Shaffer v. Wilmore Coal Co., 246 Pa. 550], cannot afterwards be litigated by new proceedings either before the same or any other tribunal. This is a rule dictated by a public policy which demands that, when a fact has been judicially and finally determined between the same parties, contention with respect thereto must cease. The rule applies with the same strictness where the cause of action, while not technically the same, is nevertheless so related to the cause in the prior litigation that some matter, the establishment of which is essential to the recovery in the second, was determined in the first......The only question before the court [on the prior adjudication] was not one of law but purely of fact, and upon the truth with respect to it the whole case depended. The finding of the court was quite as conclusive as a verdict of a jury would have been. It will hardly be contended that, had it been submitted to a jury on an issue framed, the same question there decided could afterwards have been inquired into; as well might the personal identity of one claiming as a legatee, once settled in a judicial proceeding where it was the sole question in issue, be made the subject of

a second contest. The doctrine of res adjudicata here applies, and the end of the controversy was reached as to the matter inquired into on the adjudication of the second account, when, in the adjudication on the first account, it was definitely determined that there was no collusion between the testatrix and appellant to defeat the operation of the statute." In other words, where, as here, the former controversy was between the same parties and concerned the same general question as now involved (i. e., the right of the husband to participate in the distribution of the estate of decedent), though a view of law there applied may be departed from, all issues of fact there decided, concerning the parties entitled, become res adjudicata as between such parties; and this is true even though the findings were made when the personal estate of decedent was the particular subject-matter before the court, and now the real estate is the particular matter involved, for in both instances the general subject-matter was the estate of the decedent; and, in the language of Mr. Justice STEWART, supra, while the respective causes of action are "not technically the same," they are "so related" that a "matter the establishment of which is [now] essential [to appellee] was determined in the first" adjudication; so "the rule applies."

Again, in Kellerman's Estate, (p. 11), we said: "The questions of fact which are made the subject of dispute in the earlier adjudication and which were there determined, may not again be made the subject of controversy between the parties on the second distribution; and the parties to the dispute having had their day in court, and these questions having once been determined by legal method of inquiry, the findings with respect to them must be allowed the same conclusiveness as a verdict of a jury in a common law action; but the rule of estoppel does not extend to the law, which was applied in the earlier distribution to the facts there ascertained, when it comes to the second distribution." Or, to put

the rule shortly, quo ad decisions of law, such a prior adjudication as here involved may be departed from, but, quo ad findings of fact, it must be adhered to.

As to the right of the court below, in the absence of anything upon the record in the nature of a plea of res judicata, to rest its decision of the issue of fact thus far discussed on that doctrine, see the law on the subject as ruled in State Hospital, etc., v. Consolidated Water Supply Company, 267 Pa. 29, 36 et seq., and Swissvale Boro. v. Dickson, 269 Pa. 19.

Appellee being entitled to partition, the remaining question is, whether the seven pieces of real estate held in the joint name of himself and decedent should be brought into the partition, or whether the only properties correctly involved are those described in the petition; or, more concretely, do the averments of the answer show such facts, if proved, as would establish the real ownership of the seven properties to be in the decedent? If the averments of the answer do not show an exclusive equitable title in the decedent, then there is no substantial controversy to be judicially passed on, and the court below did not err in sustaining appellee's demurrer; and, since the pleading demurred to was an amendment to an original answer, and was in the nature of a bill of particulars, the court below did not err in entering final judgment.

As the court below states: "The title to most of these seven pieces had been in the two names for more than twenty years prior to [the wife's] death......[and] ......no attempt was......made by decedent to secure [it] to herself"; and the court well adds that the wife failed during her life not only to make any legal claim against appellee in connection with the properties in controversy, but, in her will, executed shortly before her decease, she provided for him and made no direct or indirect claim to individual ownership of such properties.

The averments of the answer, wnereby appellant now seeks to put in controversy the title of the seven properties, are most general in character, and, while they are replete with charges of ill-treatment by John Havir of his wife, including threats and alleged coercion in connection with the taking of these titles, none of the averments state facts which are alleged to have occurred at the particular times when the seven properties here involved were acquired, or the titles thereto placed in their joint names; nor do they attempt, in any specific way, to bring the general allegations above referred to into direct relation with the acquisition of these properties, in order that, if the facts averred were proved, the title by entireties might be defeated and the exclusive ownership of decedent established. This being the case, no substantial issue is raised for judicial decision so far as the alleged wrongful conduct of the husband is concerned, and the mere fact that the properties were purchased by the individual funds of the wife would not be sufficient to defeat an estate by entireties, which is a most natural way for married people to hold property, however acquired.

Since the averments of appellant's answer failed to show, in a manner required by law, that the whole of decedent's realty (Gilpin v. Brown, 268 Pa. 398) was not included in the proceedings instituted by appellee, the latter is entitled to partition and the decree to that effect must be affirmed; hence it is unnecessary to decide whether either section 6 of the Act of April 22, 1856, P. L. 532, or the laches of decedent bars the present action, or to determine the question of the legal propriety of attempting to raise a dispute of title (Leahey v. O'Connor, 281 Pa. 488, 495-6) for adjudication in a partition proceeding.

The decree appealed from is affirmed, costs to be paid out of estate.