## Vanderbilt's Estate.

*Samuel Scoville, Jr.,* for exceptants; *Lynd & Cooney,* contra.

THOMPSON, J., April 12, 1929.—These exceptions raise a difficult question, and both the will and the facts of the case are complicated. Although the will has already been before the court in Vanderbilt's Estate, 4 D. & C. 209, we think it better, for the sake of clarity, to discuss both the facts and the law *in extenso.*

John V. Vanderbilt died on May 16, 1880, leaving a widow, Margaret, and a will, by which he devised his residuary estate to his wife for life, and after her decease he devised the same to his trustees in trust as stated in the language of the will:

(1) "Item. All the rest residue and remainder of my Estate real personal and mixed of which I die possessed whatsoever and wheresoever situate I give devise and bequeath unto my beloved wife Margaret C. Vanderbilt for and during the full term of her natural life and so that she shall receive and enjoy the net interest and income thereof for her own sole and separate use and support and from and immediately after the decease of my said wife I give devise and bequeath all the said rest residue and remainder of my said estate real personal and mixed to the 'Fidelity Insurance. Trust and Safe Deposit Company' of Philadelphia and to my friend S. Kingston McCay of the City of Philadelphia, Conveyancer, their Heirs Executors Administrators Successors and assigns, To hold the same in Trust for the following uses and intents and purposes and for no other use intent or purpose whatever. That is to say to collect and receive the Rents Interest and Income thereof and after paying all

Taxes Water Rents Interest on encumbrances repairs and the necessary expenses attending the execution of this Trust to pay over the net interest and income thereof quarter or semi-annually to such of my children who may be then living and to the issue of such of them who may then be deceased leaving issue share and share alike during their natural lives the issue of such of them who may then be deceased taking such share only between them as his her or their parent would have had and taken if living and in case said issue are minors to be paid to his her or their guardian properly appointed for their maintenance education and support until such issue shall arrive at the age of twenty-one years it being also my will that the share or shares of my daughters shall be for their own sole and separate use and support and shall in no wise be liable to the control debts or engagements of any husband or husbands they or either of them may have.

(2) "Item. In case of the decease of either of my said children after the death of my wife leaving no issue it is my will that the income of the portion of my Estate so set apart and held in trust for the one so dying shall then be divided and paid to his her or their surviving brothers and sisters share and share alike during the full term of their natural lives and to the issue of such of them as may then be deceased such issue taking such share only between them as his her or their parent would have had and taken if living and the principal or their share thereof to be paid to such issue on arriving at the full age of twenty-one years and in case any of such issue shall then be in their minority the share of such minor to be held on the same trusts as hereinbefore set forth for them until he or she or they shall have attained their majority.

(3) "Item. In case of the death of all my children without leaving lawful issue I then direct and it is my will that so much of my estate as shall then remain in the hands of my Executors and Trustees shall be equally divided between my nephews and nieces then living share and share alike it being my will and desire that my Estate shall descend to my children and grandchildren but for want of such issue and then only to go to my nephews and nieces share and share alike."

The numbers (1), (2) and (3) are not in the will but inserted by us for convenience of reference.

The testator was survived by his wife, Margaret, and three children: 1. Frank Y. Vanderbilt, who died Dec. 23, 1927, a widower, without issue. 2. Mary V. Furbush, who died July 27, 1914. Her only child, Elsie V. Bonner, predeceased her on May 15, 1903, leaving a son, Carl V. Bonner, who attained the age of twenty-one on June 15, 1920, and died April 29, 1923, intestate and without issue, leaving a widow, Agnes, who is the administratrix of his estate. 3. Martha P. Vanderbilt, who died Feb. 27, 1918, unmarried and without issue.

On the death of Martha, the trustees filed an account, audited by Anderson, J., in adjudication filed May 21, 1918. The fund before the court was $29,773.36, of which the Auditing Judge awarded two-thirds, or $19,848.91, to the trustees for Frank Y. Vanderbilt, the surviving son of the testator, and Carl V. Bonner, great-grandson of the testator, and the remaining one-third, less costs and fees, or $9589.95, to the guardian of Carl V. Bonner, then a minor. No exceptions were filed to this adjudication, which need not be further discussed, as one-third of the estate was then subtracted, and in this connection we do not understand the statement of the counsel of the present exceptants, John C. Vanderbilt and Eleanor V. Wilson, a nephew and niece of decedent, who claims in his brief that this one-third of the estate was not distributed, inasmuch as the next account clearly shows that it was filed of the exact amount, $19,848.01, awarded to the trustees by Judge Anderson. This

account was filed after the death of Carl V. Bonner and was audited by Gest, J., adjudication filed July 10, 1923. Frank Y. Vanderbilt, a son of the testator, was then living, and the question that was discussed by the Auditing Judge was the award to be made of the income formerly paid to Carl V. Bonner and liberated by his death. The Auditing Judge awarded the entire principal to the trustee in trust to pay the income to Frank Y. Vanderbilt for life, and expressly stated that "what disposition will be made of the principal at his death cannot now be considered:" Wears's Estate, 25 Dist. R. 30; Hano's Estate, 8 Dist. R. 353; Fabian's Estate, 18 Phila. 175. Exceptions filed by the estate of Carl V. Bonner to this adjudication were dismissed by the court, 4 D. & C. 209. So far as income is concerned, the adjudication is *res judicata*. Frank Y. Vanderbilt died, as stated, Dec. 23, 1927, and the trustees have filed this present account. Lamorelle, P. J., in an elaborate adjudication, has awarded the entire balance of principal to the administratrix of the estate of Carl V. Bonner, and these exceptions are filed to this ruling on the ground that the balance should have been awarded to John C. Vanderbilt, a nephew of testator, and Eleanor V. Wilson, a niece, in equal shares.

At this point we refer specifically to the provisions of the residuary devises as designated (1), (2) and (3). Paragraph (1) refers only to the payment of income to children living at the death of Margaret, the widow, and the issue of any then deceased, and does not direct any distribution of principal. Paragraph (2) provides for the case of the decease of either of the children after the death of Margaret, the widow, leaving no issue, which was the case of Martha P. Vanderbilt, the will providing in such case that the income should be paid to her surviving brothers and sisters for their lives and to the issue of such as may then be deceased, such issue taking the share their "parent" would have taken if living, the principal to be paid to such issue on arriving at the age of twenty-one years, and Judge Anderson, in his adjudication, construed this to authorize an award of one-third of the estate to the guardian of Carl V. Bonner. When Carl V. Bonner died, in 1923, the then Auditing Judge decided (Vanderbilt's Estate, 4 D. & C. 209) that the meaning of the word "issue" was restricted by the word "parent" and awarded the entire balance of principal then remaining to the trustees in trust for Frank Y. Vanderbilt for life. Now that Frank is dead, an entirely different question is presented, namely, the distribution of the principal, which is claimed by the administratrix of the estate of Carl V. Bonner, on the one hand, and by a niece and nephew of the testator, on the other.

To this question paragraph (3) is applicable, and we observe, in the first place, that the testator does not employ the restrictive word "parent," but says, generally, "in case of the death of all my children without leaving lawful issue," and only in such event is the principal given to the nephew and niece; and, secondly, the testator states his will to be that his estate shall "descend" to his "children and grandchildren," "but for want of such issue," and then only, "to go to my nephews and nieces."

The question may thus be considered in two aspects: First, Mary V. Furbush, a daughter of the testator, had one child, Elsie, mother of Carl, and she died in 1903. She fulfilled the provision of the will that the estate should "descend" to the testator's grandchildren, although she did not live until the termination of the trust so as to come into actual physical possession, and, in this aspect of the case, Elsie took a vested and transmissible interest in the estate, and the collateral nephews and nieces could take nothing. In the second place, the testator directs that his estate should "descend to his children and grandchildren," which, in our opinion, would bring the case within the

doctrine of Campbell's Estate, 202 Pa. 460, a case which was not considered by the Auditing Judge in Vanderbilt's Estate, 4 D. & C. 209, but is relied upon by the present Auditing Judge in his adjudication, whose discussion requires no elaboration. It was strenuously argued that the decision of this court in Vanderbilt's Estate, 4 D. & C. 209, was *res judicata* and conclusive of the present question. The previous adjudications of this court do not, however, decide questions of fact and become thus controlling, as was the case in Havir's Estate, 283 Pa. 292, and Bower's Estate, 240 Pa. 388. The questions raised and decided were purely questions of law, and the doctrine of Kellerman's Estate, 242 Pa. 3, applies. Moreover, it must be borne in mind that the decision in 4 D. & C. 209 concerned only the distribution of income, and the Auditing Judge, anticipating that the distribution of the principal at the death of Frank Y. Vanderbilt involved other and difficult questions, was careful to confine his decision on the question to the question of income, as above pointed out. Whatever went apparently beyond that was merely a *dictum* and in no way now controlling: Ram on Judgments, 43 (Townshend's Ed., 97).

Notwithstanding the exhaustive and able argument presented on behalf of exceptants, we are not convinced that the Auditing Judge erred in his adjudication, and, consequently, all exceptions are dismissed and the adjudication is confirmed absolutely.

STEARNE, J., did not sit.