From Charles K. Derr, Reading, Pa.

## McGoldrick v. Corcoran, Administratrix

~~W. W. L. Weiss,~~ for plaintiff; *Marshall A. Coyne,* for defendant.
W. Nelson L. West,

PARRY, J., May 5, 1934.—Upon citation by Anna McGoldrick, Winnie C. Corcoran, administratrix of Patrick J. Corcoran, deceased, has filed an account of

moneys collected by the said Patrick Corcoran during his lifetime on behalf of the heirs of Mary Colleran Farragher. Exceptions to the account were filed by Joseph T. Collins on behalf of himself and others. From the petition for citation, the answer thereto, the petition for confirmation, and the uncontroverted statement made at bar the court makes the following

### Findings of fact

1. Mary Colleran Farragher died domiciled in Philadelphia County in March 1906, leaving as her nearest heirs her first cousins. The identity and whereabouts of some of these were unknown at the time of her death.

2. She died owning in fee simple two properties in Philadelphia County known as 1914 Montrose Street and 1036 South Dorrance Street.

3. Pending investigations to locate all the heirs of said Mary Farragher, one Patrick J. Corcoran was appointed by the known parties in interest to collect the rents from the two properties aforementioned.

4. From March 5, 1906, to June 8, 1927, the said Patrick Corcoran collected the rents from the properties, paid taxes and repairs, and deposited the balance with West End Trust Company, now merged with Real Estate-Land Title & Trust Company.

5. On June 8, 1927, Patrick Corcoran, being in ill health, appointed one William G. Biles to collect the rents.

6. On November 3, 1927, Patrick Corcoran died. Letters of administration were granted to his sister, Winnie C. Corcoran. With her consent, the said William G. Biles continued to collect the rents.

7. Anna McGoldrick, a first cousin of Mary Farragher, petitioned for a citation to the said Winnie C. Corcoran to account for the rents collected by her intestate, Patrick Corcoran.

8. In answer to the petition, Winnie Corcoran has filed an account of the moneys collected by Patrick Corcoran. Attached to this account is a copy of a memorandum submitted to her by William G. Biles, showing rents collected and expenditures made by him. The accountant sets forth that she has frequently demanded a more detailed account from him but he has submitted none.

9. Exceptions were filed to the account, alleging it to be incorrect and alleging the exceptant and others entitled to share in the distribution.

10. In 1912 the Orphans' Court of Philadelphia County, as of October term, 1906, no. 426, appointed a master to attempt to ascertain the persons entitled to Mary Farragher's personal estate.

11. The said master found specifically that certain persons who appeared before him were not among the decedent's first cousins, that certain others were, but that the total number of first cousins remained unascertained at that time. The entire personal estate was exhausted by the expenses of the master's investigations.

12. The master's report aforementioned was filed on November 14, 1914, and was subsequently confirmed by the adjudication of the court, to which no exceptions were filed and from which no appeal was ever taken.

13. At the hearings in the present proceeding, counsel for the exceptant admitted that Joseph T. Collins and the others on whose behalf the exceptions were filed claim through persons found by the master not entitled to share in Mary Farragher's estate. Counsel urgently requested an opportunity to make further investigations to establish his clients' claim.

14. The persons entitled to take the balance now on hand for distribution are the same as those who would have shared Mary Farragher's personal estate.

15. The account is accompanied by an affidavit by Anna McGoldrick that, as

a result of investigations made on her behalf, she believes all persons entitled to distribution of the fund have now been ascertained. The affidavit sets forth the names of the distributees and their relationship to the decedent.

16. No rents have been collected by the accountant or her agent since February 20, 1929.

### Discussion

Years ago the orphans' court of this county appointed a master to hear testimony upon the claims of various persons to the estate of Mary Farragher. The question was whether or not the claimants were her first cousins or the descendants of first cousins. In those proceedings the master concluded that certain claimants were not related to the decedent at all or in a degree so remote that they were not entitled to share. These findings were embodied in a report, confirmed by the court's adjudication, from which no appeal was ever taken. All persons or their privies who appeared at the time have had their day in court upon the question of their interest in Mary Farragher's estate; as to them the matter is res adjudicata: Kellerman's Estate, Crowley's Appeal, 242 Pa. 3; Havir's Estate, 283 Pa. 292. For this reason, we cannot grant the exceptant's request for an opportunity to make further investigations to establish his relationship to Mary Farragher, for his counsel admits that he claims through persons excluded by the master.

The exceptant therefore has no standing to object to this account, and his exceptions must be dismissed. As the case is somewhat unusual, however, it may be well to consider some of the objections raised in the arguments.

It was suggested that the matter is under the jurisdiction of the orphans' court and not of this one. The account covers the income from real estate of which Mary Farragher died seized. The property in such income, as in the real estate itself, passes directly to the decedent's heirs and does not come within the jurisdiction of the orphans' court at all.

Nor is the situation altered by the fact that the account is filed by Patrick Corcoran's administratrix. She is accountable to the same court to which he would have been, just as she must bring suit or be sued on his debts in the appropriate court and not in the orphans' court.

The account covering the rents collected by Patrick Corcoran is proper in all respects, but in the memorandum submitted to the accountant by William Biles some of the disbursement items are difficult to understand and there are three unexplained gaps in the account of rentals collected. However, if the parties in interest do not demand a more specific statement, it is sufficient.

### Conclusion of law

The exceptant has no interest in the estate of Mary Farragher and no standing to object to the account of Winnie C. Corcoran, administratrix of the estate. The exceptions are therefore dismissed.

### Decree nisi

And now, May 5, 1934, it is ordered and decreed that the exceptions of Joseph T. Collins to the account of Winnie C. Corcoran, administratrix of the estate of Patrick J. Corcoran, deceased, accounting for rents collected by the said Patrick J. Corcoran, be and the same are hereby dismissed.

The prothonotary is directed to enter a decree nisi and to notify the parties of the filing of this adjudication and that unless exceptions are filed thereto within 30 days he shall enter a final decree in accordance herewith.