## Swissvale Borough, Appellant, *v.* Dickson.

*Road law—Private road—Widening street—Borough ordinance—Damages.*

Where a borough ordinance provides that a street "be located, relocated, widened, and extended," and a strip five feet in width be added on each side thereof, and the borough in pursuance of the ordinance constructs sidewalks for which liens are entered against abutting properties, such liens cannot be enforced if it appears that the street in question was a private street which had never been a public highway, that no ordinance had ever been passed providing for its opening, and that no compensation had been secured or tendered to the owners of the land prior to the entry of the borough in the construction of the sidewalk.

In such a case the mere fact that the borough had some years before graded the cartway of the street and laid a sewer line thereunder, will not estop the defendant from setting up a defense to the enforcement of the lien.

An ordinance laying out and ordaining a street without appropriate proceedings to assess the damages, and without the con-

sent of the owner, is not sufficient to justify an entry on the land and invest the borough with authority to charge abutting owners with the cost of street improvements.

A municipality can impose a valid municipal lien for street improvements only when the improvements are made in pursuance of law and the mode pointed out by the city ordinance is strictly followed.

Argued April 22, 1917.   Appeal, No. 20, April T., 1917, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1912, No. 2452, on verdict for defendant in case of Swissvale Borough v. Thomas Dickson Heirs with Notice to Robert E. Dickson et al.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Scire facias sur municipal lien.

At the trial the jury under instructions from the court rendered a verdict for defendants.   On a motion by plaintiff for judgment n. o. v., COHEN, J., filed an opinion as follows:

"These two cases were by agreement of all parties tried together.   The claims are identical and the defenses precisely similar.   The court gave binding instructions for defendants in both cases.   In each case a motion for a new trial and for judgment non obstante veredicto were made.   The proceedings are on two sci fas., issued on the respective municipal liens, payment of which is now sought to be enforced for the purpose of collecting the cost to the Borough of Swissvale of laying a boardwalk in front of the property of each defendant on Schoyer avenue, in said borough.

"It appears that in the year 1907 the plaintiff proceeded to lay a boardwalk along Schoyer avenue, which the defendants had refused to do after notice; the said boardwalks being laid in front of the properties of the respective defendants.   The defense made was the fact that Schoyer avenue had never been opened by authority of law, and that the borough had not paid, nor of-

fered to pay, any compensation for the taking of said property constituting this street, nor had plaintiff proceeded according to law to open and widen said street; that no personal notice of any proceedings to open said street was served on the defendants; and, lastly, that the borough had failed to properly grade the space upon which the sidewalk was laid, as required by law.

"It was admitted by plaintiff that no bond had been filed to secure the defendants for damages by reason of the taking of their property, that no viewers were appointed, and that no compensation had been made to either of the defendants for the taking or for the injury to their properties. Plaintiff offered in evidence an ordinance of the said borough, No. 282, which was entitled, "An ordinance locating and relocating, widening and extending an avenue to be known as Euclaire avenue (now known as Schoyer avenue) from Monongahela avenue to Aurelius street. Defendants contended that said ordinance, being merely a locating ordinance, did not establish Schoyer avenue as a public street; and that, therefore, the borough had no power to lay sidewalks or collect the cost thereof against defendants. The contention of the plaintiff was that the said ordinance was not merely a locating, or paper, ordinance, but was sufficient to constitute an opening ordinance, and that by virtue thereof Schoyer avenue was properly a public highway in the said borough, and that the borough had entire control over the same as a public street.

"It was also contended by plaintiff that the question of the validity of the opening of the street could not be raised as matter of defense, and further that even though the ordinance was defective, nevertheless that by reason of defendants' failure to assert their rights at the proper time they were estopped from denying the existence of Schoyer avenue as a public highway. A plan of the Borough of Swissvale was offered in evidence by the plaintiff, indicating that in the year 1907 Schoyer avenue was shown thereon to have been a forty-foot street.

In 1905 the borough widened said alleged forty-foot street to a fifty-foot street, by the said ordinance No. 282, and immediately thereafter the cartway of the street was graded and filled with slag prior to the laying of the boardwalk.

"It was further shown by the plaintiff that on January 10, 1905, an ordinance was introduced in council to establish the grade of Schoyer avenue from said Aurelius street to Monongahela avenue, which ordinance was passed on the first and second reading but was never finally passed until the year 1912, long after the filing of the liens in question.

"The defense proved that Schoyer avenue was never opened or widened according to law and that plaintiff forcibly took possession of said street and of a five-foot strip fronting along said alleged street on that side of Schoyer avenue on which defendants' properties abut and on which said boardwalk was laid. It was further alleged, and admitted, that plaintiff has not paid or offered to pay defendants any compensation for the said strip of ground for widening purposes upon which said boardwalk was laid, or for any part of the ground which said Schoyer avenue traverses in front of defendants' property; and that the borough never asked permission of these defendants to take the ground, nor make any effort to agree with the defendants for compensation, but illegally claimed the right to take the same without compensation. That the plaintiff had not given the defendants personal notice of any proceedings to so open or widen said street and have not designated any time or place where they might be heard in relation thereto. Some evidence was offered also to show that plaintiffs neglected to grade or level the space on which the said sidewalk was laid, as required by law.

"The answer to all of which by plaintiff was that defendants are estopped from raising the cited defense by reason of their delay. In support of its contention plaintiff relies strongly on the fact that in the summer

of 1905, the borough entered on this street, graded the cartway and laid a sewer thereon, and contended that this constituted a taking and opening of the street, and was just as binding on defendants as though plaintiff had enacted an ordinance opening the street, which never had been done; this action on the part of the borough, it is contended, estopped the defendants from setting up their said defense.

"To make the silence of a party operate as an estoppel the circumstances must have been such as to render the duty of defendants to speak. It is essential that they should have had knowledge of the facts, and that the plaintiff should have been ignorant of those facts and been misled into doing that which it would not have done but for such silence. In other words, when the silence is of such a character and under such circumstances that it would be a fraud upon the other party to permit the party who has kept silent to deny what his silence has induced the other party to believe and act upon, it will act as an estoppel. 16 Cyc. 759, in which it is also said that where a person stands by and sees another about to commit or in the course of committing an act infringing upon his rights and fails to assert his title or right, he will be estopped afterwards to assert it; but it must appear that it was his duty to speak and that his silence or passive conduct actually misled the other to his prejudice. Further, there can be no estoppel where the party alleging the estoppel must be considered to have had notice of all the facts and where it cannot be stated that such party was misled to his disadvantage. The principle of estoppel will not aid one who must conclusively be presumed to know he was a wrongdoer: Lehman v. Murtoff, 7 S. C. 485.

"The plaintiff invokes the doctrine of estoppel on the ground that the defendants suffered and permitted plaintiff to grade the cartway of Schoyer avenue and to lay a sewer line thereunder in the summer of 1905 without protest or legal action to restrain such work. We are

of opinion that the plaintiff, after such entry without
having complied with all the necessary requirements of
the law, cannot raise the doctrine of estoppel against
the defendants by reason of their silence."

The court after citing and referring to Philadelphia
Parkway Case, 250 Pa. 257; Oliver v. Pittsburgh, West
Virginia & Charleston Ry. Co., 131 Pa. 408; Davis v.
Southwest Pipe Line Co., 34 Pa. Superior Ct. 438; Con-
nellsville Gas Coal Co. v. B. & O. R. R. Co., 216 Pa. 309;
Curwensville Borough's App., 129 Pa. 74; Parkesburg
Borough's Streets & Alleys, 124 Pa. 511; Scranton
Sewer, 213 Pa. 4; Schenley v. Allegheny City, 36 Pa. 29;
Allegheny City's Petition, 51 P. L. J. 161, overruled the
motion for judgment n. o. v.

*Error assigned* was in overruling motion for judg-
ment n. o. v.

*Samuel J. McKim,* for appellant.

*George J. Shaffer,* with him *Brown, Stewart & Bost-
wick,* for appellee.

Opinion by Henderson, J., October 8, 1917:

This case had its origin in the adoption by the plain-
tiff borough of an ordinance, No. 282, dated January 23,
1905, locating, relocating, widening and extending an
avenue to be known as Eauclaire avenue, from Monon-
gahela avenue to Aurelius street, the name of which
avenue was subsequently changed to Schoyer avenue.
The lines of the avenue, as designated in the ordinance,
included a private road forty feet in width, created by
Thomas Dickson in a deed dated August 12, 1867, con-
veying a portion of his farm to William Collingwood, the
right being given in that conveyance "to use the said
forty-foot street in common with the said Dickson, his
heirs and assigns forever."   The ordinance above referred
to widened this private road by adding a strip five feet

in width on each side thereof, on which the borough proceeded to construct sidewalks, for the cost of which liens were entered against the abutting property of the appellees.   On the trial the court gave binding instructions for the defendants and refused to enter judgment for the plaintiff on a rule for judgment non obstante veredicto, from which action this appeal was taken.   The defense presented was, that no street had ever been opened on the proposed site; that the road referred to in the deed of Thomas Dickson to William Collingwood was always a private way; that ordinance No. 282 had no other effect than to locate a street which the borough proposed to open; and that no compensation had been secured or tendered to the owners of the land prior to the entry of the borough in the construction of the sidewalk. It is conceded that no ordinance was adopted providing for the opening of the street.   What was done by the borough was an enactment that: "An avenue to be known as Eauclaire avenue be located, relocated, widened, and extended from Monongahela avenue to Aurelius street in said borough, as follows: Beginning," etc. The ordinance was evidently passed on the erroneous assumption that the road designated by Thomas Dickson was a public road; but it is clear from the conveyances relating thereto, and from the testimony with reference to the use made of it, that this was a private way.   It is so described in Ordinance No. 113, approved July 11, 1901, providing for a sewer "On Maxwelton avenue from the private street between the properties of Collingwood and Dickson to the Nine Mile Run Road."   There was some testimony of the use of the way by pedestrians from time to time, but the case is destitute of such evidence as would have warranted the submission of the question to the jury whether there had been a dedication by Thomas Dickson or William Collingwood or their heirs or devisees to the public.   That the ordinance to locate, relocate, widen and extend had not the effect, without more, to so vest title to the street in the borough that it

might enter and occupy the ground on which the sidewalk was constructed, and charge the cost thereof against the appellee, is clearly decided.   The borough has unquestioned authority to survey, lay out, enact and ordain roads, streets, and lanes, and to enact and ordain the widening and straightening of them.   Where the owner of property on the line of the street consents that it may be opened as laid out, the corporate authorities may proceed to open, thus creating a public highway. But in the absence of such consent, proceedings to open must be resorted to and an assessment of damages procured.   An ordinance laying out and ordaining a street without appropriate proceedings to assess the damages, and without the consent of the owner, is not sufficient to justify an entry on the land and invest the borough with authority to charge abutting owners with the cost of street improvements.   The distinction between the laying out and the opening of a borough or city street has been long recognized: Forbes Street, 70 Pa. 125; Whittaker v. Phœnixville Borough, 141 Pa. 327.   In Philadelphia Parkway, 250 Pa. 257, the court stated the position of the city to be, that until councils passed an ordinance to open the boulevard, a property owner, no matter what injury he may have sustained, does not have the right to have his damages assessed, and this upon the ground that such action is necessary to constitute a taking of property for public use.   This, the court said, is the general rule.   In that case the city moved to quash, on the ground that until an ordinance to open was passed, there was no taking within the meaning of the law; and if nothing was done to constitute a taking of or injury to property in the constitutional sense, it was premature to ask for the appointment of viewers to assess damages.   On this position the court said: "It must be conceded that there is a long line of cases relating to the laying out, opening, widening, and grading streets, lanes and alleys in the municipalities of the Commonwealth, which sustain this position.   The bind-

ing force of these decisions as applied to the ordinary plotting of a proposed new street over unimproved land, or as to widening and grading of streets already established, is frankly conceded by the learned counsel for appellant.......As to ordinary cases relating to laying out, opening, widening, extending and grading streets, lanes and alleys, the settled rule relied on by the city as to the time of the taking, and as to when the trespass, if any, was committed, still remains in full force and effect." The eighth section of Article XVI of the Constitution provides that: "Municipal and other corporations and individuals invested with the privileges of taking private property for public use, shall make just compensation for property taken, injured, or destroyed by the construction or enlargement of their works, highways or improvements, which compensation shall be paid or secured before such taking, injury or destruction."

In the Parkway case the city was held to be liable in damages notwithstanding the failure to pass an opening ordinance, but the case was said to be exceptional on the ground that while the particular property had not been occupied, the proceeding to open the boulevard was an entire one, and that much property had been appropriated, many buildings destroyed, and a very large amount of public money expended in the improvement, because of which acts and expenditures the city ought not to be heard to say that it had not taken possession of the premises and made itself liable for the damages incident to the construction of the improvement. This case is not authority, however, on the facts presented in the present appeal. It stands on its own facts.

The right of a municipality to impose a municipal lien for street improvements is contingent on its adherence to legal requirements. The language of Mr. Justice Brown in Scranton Sewer, 213 Pa. 4, is pertinent in this connection: "A municipality can impose a valid municipal lien for street improvements only when the im-

provements are made in pursuance of law and the mode pointed out by the city ordinance is strictly followed. Such liens do not rest on any agreement or specific assent of the owner of the land charged with the burden, and the improvement is often against his wish.   A clear right must, therefore, be shown by the municipality to justify such an act of sovereign power."   If a city may adopt the plot of a street and enter on it for the purpose of making municipal improvements, no opening ordinance would be necessary, and the right of the owner to compensation would only be determined on the trial by an inquiry as to the intention of the municipality in such entry on the land.   Property owners are not under ordinary circumstances left to such uncertain tenure.   They are entitled to a specific and definite declaration of the purpose of the municipality and thereby have a basis for a proceeding to recover damages.

None of the facts presented in the case support the appellant's theory of estoppel.   The borough is not misled.   It had the same means of knowledge which the appellants had, and no inducement was offered by the property owners under which the borough expended public funds.   There was no suppression of the truth; nor was there any encouragement to move the borough to action; and it is not pretended that the plaintiff in good faith relied on the conduct of the defendants in doing the work for which the claim is presented.   The case is fully discussed in the opinion of the learned trial judge disposing of the motions for a new trial and judgment non obstante veredicto, and the conclusion therein reached is supported by the evidence and the authorities cited.   It is unnecessary to specially consider each of the twenty-two assignments of error.   Some of them relate to the admission and rejection of evidence; but the testimony offered and rejected would not, if received, have affected the conclusion reached by the trial judge.   The real questions of the case were disposed of as questions of law.   The judgment is affirmed.