# Swissvale Borough, Appellant, *v.* Dickson et al.

*Res adjudicata—Stare decisis—Courts—Subordinate appellate court—Municipal lien.*

1. While the decisions of subordinate appellate courts are not stare decisis in a higher court, yet, when all other circumstances essential to the application of the doctrine of res adjudicata exist, such decisions will be treated, in a subsequent suit between the same parties, involving the same subject-matter, as conclusive.

2. Where, on a scire facias sur municipal lien, it is decided that a particular street is not a public highway, and the decision is affirmed by the Superior Court, it will be conclusive in proceedings on a later lien between the same parties, and relating to the same land, where there is nothing to show that, before the later improvements had been authorized, the locus had, in some formal manner, become a public street.

Argued October 14, 1920.   Appeals, Nos. 125 and 126, Oct. T., 1920, by plaintiff, from judgment of C. P. Alle-

gheny Co., Jan. T., 1918, Nos. 2504 and 2506, on ver-
dicts for defendants, in cases of Swissvale Borough v.
Thomas Dickson et al. and Swissvale Borough v. William
Collingwood's Estate, Safe Deposit & Trust Co., trus-
tee and executor of William Collingwood, deceased, and
William Collingwood's heirs.    Before Brown, C. J.,
Moschzisker, Walling, Simpson and Kephart, JJ.
Affirmed.

Scire facias sur municipal liens.    Before Wasson, J.
The opinion of the Supreme Court states the facts.
The court gave binding instructions for defendants.
Plaintiff appealed.

*Error assigned,* among others, was above instructions,
quoting it.

*Samuel J. McKim,* for appellant.

*George J. Shaffer,* and *Brown, Stewart & Bostwick,*
for appellees, were not heard.

Opinion by Mr. Justice Moschzisker, December 31,
1920:

These two appeals involve the same question, and it is
agreed between the parties litigant that they be dis-
posed of as one.

The Borough of Swissvale liened certain real estate
of defendants, to recover for municipal improvements
made in front thereof; when the cases came to trial,
binding instructions were given against plaintiff, and
it has appealed.

In an opinion sustaining the judgments, the court
below states: "The fundamental question involved in
all these cases was whether Schoyer avenue was a pub-
lic street, as contended by plaintiff, or a mere private
road," as contended by defendants.    The opinion then
goes on to say that this controlling question was decided

in a prior action, on another lien, against the contention of plaintiff, and that this decision was affirmed on appeal, in Swissvale Borough v. Dickson et al., 68 Pa. Superior Ct. 160.

There is no question about the liened property being the same in all these cases, and plaintiff's statement of questions involved, on the present appeal, concedes the parties to be the same here as they were in the Superior Court.

In the last-mentioned case it was definitely decided, on the same or similar evidence as that offered here, that Schoyer avenue, at the location in question was not a public highway in 1907; and, considering the. fact that this determination represents an adjudication of a legal controversy on the point, in the present instance the burden was on plaintiff to prove that, after 1907, and before the improvements here litigated were officially authorized, in 1911, the locus had, in some formal manner, become a public street.  This, plaintiff, failed to do; hence the court below did not err in giving binding instructions for defendants.

Philadelphia Parkway, 250 Pa. 257, is properly distinguished from the present case by Judge HENDERSON in Swissvale v. Dickson, supra; and, as he there says, that case "stands on its own facts."

We recently decided, in State Hospital for Criminal Insane v. Consolidated Water Supply Co., 267 Pa. 29, 39, that, "while the decisions of subordinate appellate courts are not stare decisis in a higher court, yet, when all other circumstances essential to the application of the doctrine of res adjudicata exist, such decisions will be treated, in a subsequent suit between the same parties [involving the same subject-matter], as conclusive"; this doctrine applies here.

The assignments of error are overruled and the judgment affirmed.